IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MBW INVESTMENTS II, LLC and ) <br> ANDREW W. WEBER ) <br> ) <br> v. ) <br> ) <br> ALOHA GLOBAL, INC.; EUROPEAN ) <br> INVESTMENT BANKING GROUP & TRUST ) <br> ANDRES F. BABERO; and JUDY P. RAMOS ) | Case No. 3:19-cv-00899 <br> District Judge Campbell <br> Magistrate Judge Holmes |

TO: The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

By order entered on October 23, 2020, this case was referred to the Magistrate Judge for all pretrial matters. (Docket No. 48.) For the reasons discussed below, the undersigned respectfully recommends that this case be dismissed without prejudice. At a minimum, the undersigned respectfully recommends that Plaintiff MBW Investments II, LLC be dismissed under Fed. R. Civ. P. 21 and that the pending motion for default judgment (Docket No. 42) be denied.

**Background**

This case was commenced by the filing of a complaint on October 11, 2019. (Docket No. 1.) After having purportedly served Defendants Aloha Global, Inc. (Docket No. 8), Judy P. Ramos (Docket No. 9), Andres Babero (Docket No. 10), and European Investment Banking Group & Trust (Docket No. 12), Plaintiffs MBW Investments II, LLC ("MBW Investments") and Andrew Weber ("Weber") (together, the "Plaintiffs") filed separate motions for entry of default when those Defendants failed to answer. *See* Motion for Entry of Default as to Aloha Global, Inc. and Judy Ramos at Docket No. 13; Motion for Entry of Default as to Andres Babero at Docket No. 15; and, Motion for Entry of Default as to European Investment Banking Group at Docket No. 20.

Plaintiffs motion for entry default against Defendants Aloha Global and Judy Ramos was granted by the Clerk of Court as to Judy Ramos[1], but denied as to Aloha Global for lack of effective service of process. *See* Order at Docket No. 14. Plaintiffs subsequently effected service of process on Aloha Global's registered agent for service. (Docket No. 24.) A new motion for entry of default as to Aloha Global was filed (Docket No. 30) and granted. (Docket No. 32.)

Plaintiffs' motion for entry of default against Defendant Andres Babero was granted by order of the Clerk of Court entered on January 14, 2020. (Docket No. 17.) Similarly, the Clerk of Court granted entry of default against Defendant European Investment Banking Group by order entered on February 5, 2020. (Docket No. 25.)

Following these entries of default, minimal action was taken by Plaintiffs to move this case forward without prodding by the Court. By order entered on March 18, 2020, the Court directed Plaintiffs to proceed with any intended default proceedings and further ordered that if the additionally named Defendants Prestige Global Investments and Theodore Wilkes were not properly served by an extended deadline under Rule 4(m) of the Federal Rules of Civil Procedure[2], those Defendants would be dismissed. (Docket No. 29.) Although Plaintiffs proceeded to correct issues with service of process on Aloha Global and seek entry of default, no other action was taken. Accordingly, the Court

---

[1] The Court is not entirely convinced that entry of default was proper as to Defendant Judy Ramos, as the return of service states that the summons was left at the address for Ramos with a "male resident who refused to provide name but stated that he is defendant's aunt's husband." (Docket No. 9 at 2.) The return of service further states that the male resident at that address "refused to accept service," that the documents were left by the door, and that in a previous conversation with the male resident, the process server was advised that "defendant uses this address for her mail." (*Id*.) The process server was alternately advised that Ramos "comes by once a week" and that she "comes by every six months." (*Id*.) Additionally, the mailed order entering default against Ramos was returned as undeliverable with a handwritten notation of "Refused, does not live at this address." (Docket No. 23.) However, because recommendation is made that the motion for default judgment be denied on other grounds, the Court need not address whether service of process on Ramos was effective.

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

set a status conference for Plaintiffs to report not only on default proceedings but also the status of the remaining unserved Defendants. *See* June 3, 2020 Order at Docket No. 36.

In response to the Court's order setting a status conference, Plaintiffs filed a notice of voluntary dismissal of Defendants Prestige Global Investment Group and Theodore Wilkes on June 4, 2020. (Docket No. 37.) An order dismissing Defendants Prestige Global and Wilkes under Rule 21 was entered on June 5, 2020. (Docket No. 39.) Plaintiffs also filed a motion for default judgment against the defaulting Defendants on June 5, 2020. (Docket No. 38.)[3] Plaintiffs' June 5 motion for default judgment was denied without prejudice by the Clerk of Court because the motion failed to include the required information about the individual defaulting Defendants' legal competency and military service status. *See* June 23, 2020 Order at Docket No. 41. Plaintiffs refiled their motion for default judgment on June 23, 2020 (Docket No 42), which is the instant motion before the Court.

Following the filing of Plaintiffs' motion for default judgment, Plaintiffs' counsel of record moved to withdraw on September 4, 2020. (Docket No. 45.) By order entered on September 9, 2020, the Court permitted counsel to withdraw and allowed thirty (30) days for Plaintiffs to retain new counsel. (Docket No. 46.) The September 9 Order also directed that if Weber did not retain counsel within this time, he would be deemed to be proceeding pro se. (*Id*. at 1.) However, the Court expressly stated that MBW Investments could not, as a corporate party, proceed without counsel and warned that failure to retain counsel could be grounds for dismissal. (*Id*.) No counsel has entered an appearance for either Weber or MBW Investments.

---

[3] As a result of Plaintiffs' actions, the status conference was canceled. *See* Order at Docket No. 40.)

3

## Legal Standards and Analysis

It is clear from the complaint and motion for default judgment that the $750,000 amount for which Plaintiffs seek default judgment is owed and payable to MBW Investments. *See* Docket No. 1 at ¶¶ 28, 33, 35, 36, 39, and 70 and Docket No. 42 at 7. However, MBW Investments cannot proceed as a party in this case.

It is well established that a corporate entity cannot appear in federal court except through an attorney. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (corporations, partnerships, or associations can appear in federal court only through a licensed attorney). This case cannot proceed with MBW Investments as an unrepresented corporate plaintiff. Additionally, although Weber has the right to proceed *pro se*, he cannot pursue claims on behalf of MBW Investments. *See Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) (explaining that an officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in federal court on behalf of the corporation); *see also United States v. Zongli Chang*, 2020 WL 1156490, at *4 (E.D. Mich. Mar. 10, 2020) (individual could not pursue ancillary claim in forfeiture action on behalf of corporate entity).

When Plaintiffs' prior counsel was permitted to withdraw, Plaintiffs were expressly warned that MBW Investments could not proceed *pro se* and that its failure to retain counsel could result in dismissal. Plaintiffs have taken no action for this case to proceed with MBW Investments as a party, which it can only do through counsel, despite having been put on notice of that requirement by the Court's September 9, 2020 order. *See* Docket No. 46 at 1.[4] This lack of attention warrants action by the Court. However, it is unclear whether Weber can assert any of the other claims in the complaint

---

[4] Further, the 14-day period for filing objections to this Report and Recommendation provides Plaintiffs with notice of the recommended action and gives them yet another opportunity to indicate their interest in prosecuting this case, including by obtaining representation for MBW Investments or by demonstrating that there are claims that Weber can pursue on his own behalf.

on his own behalf. Nor should the Court be required to further expend limited judicial resources to determine whether Weber can proceed when Plaintiffs have not taken the steps necessary to prosecute the action going forward. Given the threshold nature of this issue, a lesser sanction than dismissal is not warranted. Dismissal is grounded in the rule that a corporate party cannot appear *pro se*, as well as failure to comply with the Court's orders under Rule 16(f), failure to prosecute under Rule 41(b), and the Court's inherent powers to manage and control its own dockets. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (courts are necessarily vested with control to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Nevertheless, the Court finds that dismissal without prejudice is appropriate.

However, should it be determined that dismissal of the entire case is not warranted, at a minimum, MBW Investments should be dismissed under Rule 21 for all the reasons discussed above. Because the amount for which default judgment is sought is payable solely to MBW Investments, and because MBW Investments is not a proper party to this case, the Court cannot afford the relief requested in the motion for default judgment and the motion for default judgment should also be denied without prejudice. Additionally, it is not apparent that Defendants were all given proper notice of the motion for default judgment. Specifically, the motion for default judgment was served on Defendant Ramos at the same address for which mailings by the Court were returned as refused. *See* Docket No. 23 and Docket No. 42 at 9. Likewise, the motion for default judgment was served on Defendant Aloha Global at an address for which mailings by the Court were returned as undeliverable. *See* Docket No. 35 and Docket No. 42 at 9. These apparent defects in service of the motion for default judgment further warrant denial without prejudice.

5

Case 3:19-cv-00899   Document 50   Filed 11/25/20   Page 5 of 6 PageID #: 227

## Conclusion and Recommendation

Based on the foregoing, it is respectfully RECOMMENDED as follows:

1. This case should be dismissed without prejudice under Rules 16(f) and Rule 41(b) and the Court's inherent powers.

2. If dismissal of the entire case is determined to be unwarranted, at a minimum MBW Investments should be dismissed as a party under Rule 21 without prejudice and the motion for default judgment (Docket No. 42) should be denied without prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections must file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge